# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

**UNITED STATES OF AMERICA**

v.  Case No. 3:18-cr-19-J-20JRK

**DONJUAN POWELL**

_____/

## ORDER

This cause is before this Court on the Magistrate Judge's Report and Recommendation (Dkt. 98, filed July 16, 2019) addressing Defendant's Amended Motion to Suppress Fruits of Search of 6680 Bennett Creek Drive, Apartment 617 (Dkt. 44). The Magistrate Judge recommended the motion be granted, and all the fruits of the January 16, 2018 search of 6680 Bennett Creek Drive, Apartment 617, Jacksonville, FL (including the firearm found in the toilet and ammunition) be suppressed. The Government filed a timely Objection (Dkt. 102, filed July 29, 2019), but Defendant chose not to respond to that Objection.[1]

28 U.S.C. § 636(b)(1) authorizes the referral of a motion to suppress to a Magistrate Judge for a Report and Recommendation on the motion's resolution. If an objection is filed to the Report and Recommendation, this Court must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636. *See United States v. Powell*, 628 F.3d 1254, 1256 (11th Cir. 2010).

---

[1] The Report and Recommendation explained, "'Within 14 days after being served with a copy of the recommended disposition [of a motion to suppress evidence], . . . a party may serve and file specific written objections to the proposed findings and recommendations.' Fed. R. Crim. P. 59(b)(2). 'Failure to object in accordance with this rule waives a party's right to review.' *Id.; see also* 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1; Local Rule 6.02.'" (Dkt. 98, pg. 1). The time for filing Objections and Responses to the Report and Recommendation has now expired.

This Court conducted a de novo review of not just the issues raised in the Government's Objection but of all the Magistrate Judge's legal conclusions. In so doing, this Court reviewed the hearing transcript and the parties' submissions. Based on that review, this Court agrees Defendant had standing to challenge the January 16, 2018, warrantless search of the apartment of Carllisa Williams since he had a legitimate expectation of privacy in the apartment. *See Minnesota v. Olson*, 495 U.S. 91, 96-97 (1990). This Court also agrees with the Magistrate Judge's conclusion that the Government failed to carry its burden of proving that Ms. Williams' consent was given freely and voluntarily. In reaching this conclusion this Court accepts the Magistrate Judge's credibility determinations. *See Powell*, 628 F.3d at 1256-58 (explaining a district court would abuse its discretion in rejecting a Magistrate Judge's determination of credibility without hearing from witnesses).

Accordingly, it is **ORDERED**:

1. Magistrate Judge's Report and Recommendation (Dkt. 98) is **ADOPTED**;

2. The Government's Objection (Dkt. 102) is **OVERRULED**;

3. Defendant's Amended Motion to Suppress Fruits of Search of 6680 Bennett Creek Drive, Apartment 617 (Dkt. 44) is **GRANTED**; and

4. All the fruits of the January 16, 2018 search of 6680 Bennett Creek Drive, Apartment 617, Jacksonville, FL (including the firearm found in the toilet and ammunition) are **SUPPRESSED**.

**DONE AND ORDERED** at Jacksonville, Florida, this _19th_ day of August, 2019.

HARVEY E. SCHLESINGER
UNITED STATES DISTRICT JUDGE

Copies to:
Julie Hackenberry, Esq.
Darcy D. Galnor, Esq.
Ryan Edward McFarland, Esq.
William Mallory Kent, Esq.